# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DONALD L. FIELDS, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00060** |
| | ) | |
| **f/n/u CORDELL #401-0154, *et al.*,[1]** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Donald L. Fields, Quentin P. Oglesby, and Cartaze H. Ragland[2] filed this pro se action pursuant to 34 U.S.C. § 12601 and 42 U.S.C. § 1983, alleging violations of their civil rights. (Doc. No. 1.) Plaintiffs Fields, Oglesby, Ragland, and Deborah Frierson filed a First and Second Amended Complaint (Doc. Nos. 14, 16), and Plaintiffs Fields, Oglesby, and Ragland filed a Third Amended Complaint (Doc. No. 19.) Additional action must be taken before this case can proceed.

Fields, Oglesby, and Ragland each filed their own IFP Applications on January 14, 2025. (Doc. Nos. 2, 3, and 4.) On January 28, 2025, the Court denied each IFP Application without prejudice due to a lack of sufficient information provided. (Doc. No. 8 at 1-2.)

---

[1] Plaintiffs Fields, Oglesby and Ragland identified "Eli Bolt" as a Defendant in the original Complaint (Doc. No. 1 at 1, 3.) That Defendant was then identified as "Officer E. Libolt" (and not Officer Eli Bolt) in the Third Amended Complaint (Doc. No. 19 at 1.) The Court therefore will use the name provided in the more recent filing, "Officer E. Libolt".

[2] The Third Amended Complaint (Doc. No. 19) says, "All are residents of Davidson County, Tennessee." (<u>Id.</u> at 1.) The Complaint (Doc. No. 1) lists Hermitage, Tennessee as the address (<u>Id.</u> at 2), and Oglesby's amended IFP Application (Doc. No. 11) lists Smyrna, Tennessee as his address (<u>Id.</u> at 5.) The Court has no clear indication of Plaintiffs' addresses.

1

Pending before the Court are amended IFP Applications (Doc. Nos. 10, 11, and 12) submitted by Fields, Oglesby, and Ragland, as well as an Ex Parte Motion for Immediate Relief, Protection, and Judicial Oversight ("TRO Motion") (Doc. No. 22.)[3]

## I. COMPLAINT (DOC. NO. 1) AND AMENDED COMPLAINTS (DOC. NOS. 14, 16, & 19)

Plaintiffs Fields, Oglesby, Ragland, and Frierson filed a First and Second Amended Complaint (Doc. Nos. 14, 16), and Plaintiffs Fields, Oglesby, and Ragland filed a Third Amended Complaint (Doc. No. 19.) Deborah J. Frierson is a named Plaintiff in the Second Amended Complaint (Doc. No. 16)[4], but she is not named in the Third Amended Complaint (Doc. No. 19.) The operative pleading in this case is the Third Amended Complaint.

Considering Plaintiffs' pro se status and the multiple complaints submitted in this case to date,[5] the Court will grant Plaintiffs an opportunity to submit a proposed Fourth Amended

---

[3] Because Frierson, Ragland, and Fields request that the Court grant immediate injunctive relief, the Court will interpret the Ex Parte Motion as a request for a temporary restraining order ("TRO").

[4] Even if the Second Amended Complaint was the operative pleading in this case (which it is not), the Court would not consider Frierson as a Plaintiff because she did not sign the complaint. "Every pleading . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The United States Supreme Court interpreted Rule 11(a)'s signature requirement to 'call for a name handwritten . . . .'" Purvey v. Knoxville Police Department, 3:20-CV-317, 2021 WL 1840443, at *1 (E.D. Tenn. May 7, 2021) (quoting Becker v. Montgomery, 532 U.S. 757, 764 (2001)).

[5] Different Defendants are named in each Amended Complaint. (Doc. Nos. 14, 16 & 19.) The First Amended Complaint names as Defendants A. Foote, Officer C. Taylor, Officer E. Libolt, George H. Robinson, III, Jacqueline Robertson Greogory (who is also referred to in the docket entries as "Jacqueline Robertson George"), D. Merginer, and C. Roell. (Doc. No. 14 at 2-4.) The Second Amended Complaint names as Defendants George H. Robinson, III, Jacqueline Robertson Gregory, and Freeman & Fuson. (Doc. No. 16 at 2.) The Third Amended Complaint names as Defendants A. Foote, Officer C. Taylor, Officer E. Libolt, Metropolitan Nashville Police Department, and C. Roell. (Doc. No. 19 at 1.)

Complaint, if desired. Any proposed amended complaint must be filed no later than **30 DAYS** of the date of entry of this Order. All relevant claims, plaintiffs, defendants, and facts shall be set forth in the proposed amended complaint; Plaintiffs cannot incorporate by reference their prior allegations. Furthermore, all individuals who wish to be considered a Plaintiff to this action must sign the proposed amended complaint with their handwritten signature as required by Federal Rule of Civil Procedure 11(a). The Court will not piece together multiple complaints.

If the Court does not receive a proposed Fourth Amended Complaint by the deadline, then the Court will proceed with screening the Third Amended Complaint as required by 28 U.S.C. § 1915(e)(2).

## II. FILING FEE

On January 28, 2025, the Court denied without prejudice the first IFP Applications filed by Plaintiffs Ragland, Oglesby, and Fields (Doc. Nos. 2, 3, & 4). (Doc. No. 8 at 2.) The Court could not rule on the IFP Applications as submitted because each Plaintiff provided the same residential address but did not report any mortgage or rent expenses, and none of the Plaintiffs listed any assets, income, or expenses whatsoever. (Id. at 1-2.) The Court ordered Plaintiffs Ragland, Oglesby, and Fields to each submit an amended IFP Application or, in the alternative, pay their portion of the civil filing fee. (Id.)

Ragland, Oglesby, and Fields filed their amended IFP Applications on February 21, 2025. (Doc. Nos. 10, 11, & 12.) The Court rules on each IFP Application as set forth below.

A. Ragland's Amended IFP Application (Doc. No. 10)

Ragland's amended IFP Application (Doc. No. 10) again presents the Court with various deficiencies. In Ragland's amended IFP Application (Doc. No. 10), he states that he receives $924.00 in disability payments each month. (Id. at 1-2.) He also states he has no cash and no

3

expenses. (Id. at 2, 4-5.) However, Ragland provides the Court with a residential address. (Id. at 5.) Therefore, it appears that Ragland has not provided the Court with complete information regarding his living expenses as well as any other expenses. (Id. at 4-5.) This showing is insufficient to demonstrate Ragland's entitlement to proceed as a pauper. Cf. Washington v. Berryhill, No. 18-2385-SHM-TMP, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018).

Accordingly, Ragland's amended IFP Application (Doc. No. 10) is **DENIED WITHOUT PREJUDICE**. Ragland **MUST** pay his portion[6] of the civil filing fee of $405.00 when the amount can be determined by the Court. This fee consists of a $350.00 filing fee and a $55.00 administrative fee. See 28 U.S.C. § 1914(a)-(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

B. Oglesby's Amended IFP Application (Doc. No. 11)

In Oglesby's amended IFP Application (Doc. No. 11), he states that he now makes $2,400.00 per month from his employment after previously making $14,000.00 per month. (Id. at 1.) Oglesby writes "N/A" for how much cash he or his spouse may have, states he has $100.00 in a checking account, and states he has $1,854.06 in expenses per month. (Id. at 3-5.) Oglesby further states his current employment is through a temporary service and not guaranteed to last. (Id. at 5.) Oglesby does not list a vehicle as an asset, but he reports spending $800.00 per month in transportation expenses. (Id. at 2-3.) Oglesby's expenses amount to $1,854.00. (Id. at 3-4.)

---

[6] When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. See Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999); See In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-38 (6th Cir. 1997). Here, because it is unclear at this time how many Plaintiffs are prosecuting this action, the Court cannot yet determine each Plaintiff's portion of the fee. If a timely Fourth Amended Complaint is filed and is signed by Fields, Ragland, and Frierson, those three Plaintiffs will be required to split the civil filing fee equally. That is to say, each will be responsible for paying one-third of the filing fee.

4

Accordingly, Oglesby's amended IFP Application (Doc. No. 11) is **GRANTED**.

C. Fields' Amended IFP Application (Doc. No. 12)

Fields' amended IFP Application (Doc. No. 12) again presents the Court with various deficiencies. In Fields' amended IFP Application (Doc. No. 12), Fields states he has no income. (Id. at 1-2.) Fields also states he has no cash. (Id. at 2.) However, Fields fails to complete multiple sections of the amended IFP Application, including sections 2, 3, 4, and 7, and he provides the Court with no spousal information. (Id. at 1-5.) Therefore, the Court lacks a full understanding of Fields' financial posture. This showing is insufficient to demonstrate Fields' entitlement to proceed as a pauper. Cf. Washington, 2018 WL 11260461, at *1.

Accordingly, Fields' amended IFP Application (Doc. No. 12) is **DENIED WITHOUT PREJUDICE**. Fields **MUST** pay his portion[7] of the civil filing fee of $405.00 when the amount can be determined by the Court.

### III. TRO MOTION (DOC. NO. 22)

On October 24, 2025, Plaintiffs Frierson, Ragland, and Fields submitted a TRO Motion (Doc. No. 22) requesting that this Court:

> Grant immediate relief to prevent further harassment, obstruction, or interference with property at 1209 Tulip Grove Road . . . [o]rder judicial review and forensic investigation into unlawful filings and interference with Plaintiffs' property . . . [r]ecognize and affirm Plaintiffs' legal ownership and access rights, including their operation of D.F. & C.R., Inc. at this location . . . [a]ward compensatory and punitive damages as appropriate . . . [e]nsure federal oversight of any future actions affecting Plaintiffs' rights . . . [g]rant any additional relief the Court deems just and proper.

(Id. at 2-3.)

_____

[7] See supra n. 6.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

The TRO Motion does not comply with these rules. While Frierson, Ragland, and Fields submitted a written TRO Motion separate from the Complaint, they failed to submit a supporting memorandum of law, an affidavit or verified complaint, and failed to inform the Court of any efforts made to give notice to Defendants and why it should not be required.

For the aforementioned reasons, the Court cannot consider the TRO Motion as is. Therefore, the TRO Motion (Doc. No. 22) is **DENIED WITHOUT PREJUDICE**.

## IV. CONCLUSION

The Court encourages each party to review this Order to figure out who needs to take what action in order to proceed. Failure to comply may result in dismissal of any or all claims and putative plaintiffs.

Failure to keep the Court apprised of any change in Plaintiffs' addresses of record may also result in dismissal. M.D. Tenn. L.R. 41.01(b).

6

Resources for pro se litigants are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE