**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **DONALD L. FIELDS, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 3:25-cv-00060** |
| ) | |
| **f/n/u CORDELL #401-0154, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Donald L. Fields ("Fields"), Quentin P. Oglesby ("Oglesby"), and Cartaze H. Ragland ("Ragland") filed this pro se action pursuant to 34 U.S.C. § 12601 and 42 U.S.C. § 1983, alleging violations of their civil rights. (Doc. No. 1.)

Pending before the Court is Field's Application for Leave to Proceed In Forma Pauperis ("Fields' IFP Application") (Doc. No. 24), Ragland's Application for Leave to Proceed In Forma Pauperis ("Ragland's IFP Application") (Doc. No. 25), an Emergency Motion for Federal Intervention, Temporary Restraining Order, and Injunctive Relief ("TRO Motion 1") (Doc. No. 29), a "Motion for Review of Judicial and Governmental Actions Resulting in Unlawful Taking and Due Process Violations" (Doc. No. 31), and an Emergency Injunction Motion ("TRO Motion 2) (Doc. No. 35.)

### I. PROCEDURAL BACKGROUND

Ragland, Oglesby, and Fields filed the original Complaint on January 14, 2025. (Doc. No. 1). On the same day, Ragland, Oglesby, and Fields each filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. Nos. 2, 3, & 4.)

1

On January 28, 2025, the Court denied each IFP Application without prejudice and ordered Ragland, Oglesby, and Fields to each submit either an amended IFP application or their portion of the civil filing fee. (Doc. No. 8.) On February 21, 2025, Ragland, Oglesby, and Fields each timely filed an amended IFP Application. (Doc. Nos. 10, 11, & 12.)

Ragland, Oglesby, Fields, and Deborah Frierson ("Frierson") filed two Amended Complaints on June 23, 2025 and July 29, 2025. (Doc. Nos. 14 & 16.) On September 15, 2025, Ragland and Frierson filed another Amended Complaint. (Doc. No. 17.) On September 29, 2025, Fields, Oglesby, and Ragland filed yet another Amended Complaint. (Doc. No. 19.)

On October 24, 2025, Frierson, Ragland, and Fields filed an Ex Parte Motion for Immediate Relief, Protection, and Judicial Oversight (Doc. No. 22.)

On November 21, 2025, the Court noted various signature and pleading deficiencies that presented in the amended complaints. (Doc. No. 23 at 2-3.) The Court ordered a proposed amended complaint be filed, if desired. (Id.) The Court further ordered: "Any proposed amended complaint must be filed no later than **30 DAYS** of the date of entry of this Order. All relevant claims, plaintiffs, defendants, and facts shall be set forth in the amended complaint . . . ." (Id. at 3.) The Court further directed that the amended complaint must be signed by all individuals who wish to be considered a Plaintiff. (Id.)

The Court also denied Ragland's and Fields' amended IFP Applications (Doc. Nos. 10, 12) due to lack of sufficient financial information and ordered Ragland and Fields to pay their portion of the civil filing fee. (Doc. No. 23 at 3-5.) The Court granted Oglesby's amended IFP Application (Doc. No. 11.) (Doc. No. 23 at 4-5.) In the same Order, the Court denied the emergency motion (Doc. No. 22) as it lacked a supporting memorandum of law, an affidavit or verified complaint,

2

and Plaintiffs had failed to inform the Court of any efforts made to give notice to Defendants. (Doc. No. 23 at 6.)

On December 8, 2025, both Fields and Ragland filed second amended IFP Applications instead of paying their portion of the civil filing fee as previously ordered by the Court. (Doc. No. 23 at 3-5; Doc. Nos. 24, 25.)

On December 10, 2025, Fields, Frierson, Oglesby, and Ragland timely filed an amended complaint (titled "NOTICE") which was properly signed by all four Plaintiffs. (Doc. No. 26.)

On February 18, 2026, Frierson filed an "Emergency Motion for Federal Intervention, Temporary Restraining Order, and Injunctive Relief" ("TRO Motion 1"). (Doc. No. 29.) No other Plaintiffs signed the Motion. (Id.)

On February 20, 2026, the Court held TRO Motion 1 in abeyance pending the resolution of the filing fee and ordered Frierson to either submit an IFP Application or pay her portion of the civil filing fee. (Doc. No. 30 at 2.) The Court informed Frierson that her submission must be received within 30 days of the entry of the Order, making her submission due on or before March 23, 2026. (Id. at 3.) The Court encouraged each party to review the Order and warned Plaintiffs that failure to comply with the Order may result in dismissal of any or all claims and putative plaintiffs. (Id.) Frierson failed to either submit an IFP Application or pay her portion of the civil filing fee as ordered on February 20, 2026.

On March 13, 2026, Fields, Ragland, and Frierson filed an Amended Complaint (titled "NOTICE"), but it contains only Fields' signature. (Doc. No. 33.)

On April 16, 2026, Fields alone filed an Emergency Injunction Motion ("TRO Motion 2) (Doc. No. 35.)

3

## II. AMENDED COMPLAINT (DOC. NO. 26)

Frierson, Ragland, Fields, and Olgesby filed an Amended Complaint, titled, "NOTICE" in the docket entries. (Doc. No. 26.) This Amended Complaint is signed by all individuals listed as Plaintiffs within the document. (Id. at 2.)

Thus, the Amended Complaint (Doc. No. 26) filed on December 10, 2025 will serve as the operative Complaint in this case. Plaintiffs already have amended the original Complaint, or attempted to do so, at least five times. Any additional attempts to amend the Amended Complaint must be accompanied by a Motion to Amend or the Court will not consider the filing.

## III. DEBORAH J. FRIERSON

On February 18, 2026, putative plaintiff Frierson filed TRO Motion 1 (Doc. No. 29), but she had not yet paid her portion of the civil filing fee or filed an application for leave to proceed as a pauper. On February 20, 2026, the Court held TRO Motion 1 in abeyance pending the resolution of the filing fee. The Court ordered Frierson to either submit her portion of the civil filing fee or submit an IFP Application within 30 days of the Court's Order. (Doc. No. 30 at 2-3.) Frierson has failed to do so.

Frierson will therefore be dismissed as a plaintiff in this case, and TRO Motion 1 will be **DENIED AS MOOT**.

## IV. DONALD FIELDS & CARTAZE RAGLAND

On January 28, 2025, the Court denied without prejudice the IFP Applications (Doc. Nos. 2, 4) submitted by Donald Fields ("Fields") and Cartaze Ragland ("Ragland") because they had not provided a complete report of their financial situation. (Doc. No. 8 at 2.)

Fields and Ragland timely submitted amended IFP Applications (Doc. Nos. 10, 12). The Court denied the amended IFP Applications due to lack of sufficient information provided. (Doc.

4

No. 23 at 3-5.) The Court ordered both Fields and Ragland to pay their portions of the civil filing fee. (Id.) The Court explained that, because it was unclear at that time how many Plaintiffs would be prosecuting the action, the Court could not yet determine each Plaintiffs' portion of the fee. (Id. at 4.) The Court continued that, if a timely amended complaint was filed and signed by the appropriate Plaintiffs, those Plaintiffs would be required to split the civil filing fee equally. (Id.)

On December 8, 2025, Fields and Ragland again filed amended IFP Applications (Doc. Nos. 24, 25.) These amended IFP Applications will be **DENIED AS MOOT.**

Fields and Ragland are each responsible for paying one-third of the filing fee in this case and must do as instructed herein.

### V. TRO MOTION 2 (DOC. NO. 35)

On April 16, 2026, Fields filed TRO Motion 2 (Doc. No. 35) requesting that this Court issue an emergency temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 immediately stopping "interference, trespass, and damage." (Id. at 2.)

The matter of the filing fee must be resolved prior to the Court considering TRO Motion 2. See M.D. Tenn. L.R. 3.02; see Webb v. TN Unemployment, No. 3:25-CV-00020, 2025 WL 1788295, at *1 (M.D. Tenn. June 26, 2025). Because Fields has not paid his portion of the filing fee, his TRO motion cannot be addressed as this time. However, even if the Court could consider the motion, it would not be granted for other reasons.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn.

L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Although Fields filed a TRO Motion separate from the Complaint, he failed to provide a memorandum of law, an affidavit or verified complaint, and any efforts made to give notice to Defendants and why it should not be required. Although the motion contains a Certificate of Service (Doc. No. 35 at 10), it is signed by Frierson. Also, a Declaration (Doc. No. 35 at 14) was provided within TRO Motion 2, but it was signed by "Robert C. Frierson" who is neither a named plaintiff in this case nor the Plaintiff who filed TRO Motion 2. Thus, the TRO Motion is procedurally non-compliant.

Accordingly, TRO Motion 2 (Doc. No. 35) will be **DENIED** as procedurally non-compliant.

### VI. CONCLUSION

In summary, the Court rules as follows for the reasons discussed in detail above.

Putative Plaintiff Deborah J. Frierson is **DISMISSED** as a plaintiff in this case. As a result, her Emergency Motion for Federal Intervention, Temporary Restraining Order, and Injunctive Relief ("TRO Motion 1") (Doc. No. 29) is **DENIED AS MOOT**.

The IFP Applications filed by Fields (Doc. No. 24) and Ragland (Doc. No. 25) are **DENIED AS MOOT**.

The Court hereby assesses one-third of the full civil filing fee as to each Fields and Ragland ($135.00 assessed as to Fields and $135.00 assessed as to Ragland for a total of $270).[1] Fields' and Ragland's portions of the filing fee as assessed must be returned to the Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203. Their submissions **MUST** be received no later than **30 DAYS** of the date this Order is entered on the docket. Failure to pay the filing fee by the deadline set forth herein will result in the dismissal of either or both Plaintiffs from this case.

The Emergency Injunction Motion ("TRO Motion 2") (Doc. No. 35) filed by Donald L. Fields is **DENIED WITHOUT PREJUDICE** as procedurally noncompliant.

The Court is aware that the Request for Review of Judicial and Governmental Actions Resulting in Unlawful Taking and Due Process Violations (Doc. No. 31) is also pending. The Court cannot consider this motion until the matter of the filing fee is resolved. See M.D. Tenn. L.R. 3.02; see Webb, 2025 WL 1788295, at *1.

The Court has provided the pro se parties involved in this case multiple attempts to comply with Court Orders and the governing procedural rules. These individuals have inundated the Court with numerous piecemeal filings, most of which do not follow the Court's instructions or any applicable rule of procedure. Any further efforts to amend the Complaint must be accompanied by a motion to amend. Miscellaneous filings that relate to discovery should not be filed with the Court. The Court does not permit litigation by Notices and letters to the Court. (Doc. Nos. 15, 18, 20, 21, 27, 28, 32, 33, 34.)

---

[1] As noted earlier, the Court already has granted pauper status to a third Plaintiff in this case; thus, his portion of the filing fee has been resolved.

Failure to comply with the Court's instructions as set forth herein may result in dismissal of claims, Plaintiffs, or this case.

Failure to keep the Court apprised of any change in Plaintiffs' addresses of record may also result in dismissal. M.D. Tenn. L.R. 41.01(b).

Resources for pro se litigants are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE